IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

ROGER S. FULLER, JR.,

    Plaintiff,

v.                                  Civil Action No. 7:17CV564
                                              (STAMP)
CARILION CLINIC,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING IN PART AND DENYING IN PART**
**CARILION CLINIC'S MOTION TO DISMISS**

I.   Background

This civil action arises out of the arrest of an employee by an officer of his employer's private police department. The plaintiff, Roger S. Fuller, Jr. ("Fuller"), filed a complaint in the United States District Court for the Western District of Virginia, Roanoke Division, on December 20, 2017. ECF No. 1. The complaint alleges claims arising under 42 U.S.C. § 1983 and supplemental state claims under 28 U.S.C. § 1367. ECF No. 1.

The defendant, Carilion Clinic, filed a motion to dismiss the complaint (ECF No. 3), and the plaintiff then filed an amended complaint. ECF No. 10. The motion to dismiss the original complaint was then denied. ECF No. 21. The amended complaint asserts that the plaintiff was employed by Carilion Clinic as a janitor and that he was at work when he found three burned, wooden stick matches and a signed piece of paper near the Carilion Clinic

dentistry lab. ECF No. 10 at 4. The amended complaint asserts that the plaintiff notified the receptionist of what he had found, and that the Carilion police then arrived to investigate the incident. ECF No. 10 at 4. The Carilion Police and Security Services Department is a private police department maintained by Carilion Clinic and authorized by the Virginia General Assembly (see Va. Code Ann. § 9.1-101). ECF No. 10 at 2.

The amended complaint then alleges that the Carilion police came to the plaintiff's residence the following morning and staged a "surround and call out," a swat-style arrest tactic, before entering the plaintiff's home and taking him to the Carilion police station for questioning. ECF No. 10 at 5-6. Next, the amended complaint asserts that the Carilion police coerced the plaintiff into confessing to lighting the matches. ECF No. 10 at 6-7. Lastly, the amended complaint alleges that the plaintiff was terminated from his employment at Carilion Clinic after he refused to meet with the Carilion police without counsel present. ECF No. 10 at 8. Count I of the amended complaint is a claim for the unreasonable seizure of the plaintiff's person by the Carilion police. ECF No. 10 at 8. Count II is a claim for the unreasonable seizure of the plaintiff's person by Carilion Clinic. ECF No. 10 at 12. Count III is a claim for false imprisonment. ECF No. 10 at 14. Count IV is a claim for intentional infliction of emotional distress. ECF No. 10 at 17.

The defendant filed a motion to dismiss the amended complaint for failure to state a claim. ECF No. 13. In the defendant's memorandum in support of the motion to dismiss the amended complaint, the defendant argues that Counts I and II of the amended complaint fail to state a claim because Carilion Clinic has no liability under 42 U.S.C. § 1983 for the acts of its employed police officers. ECF No. 13 at 5. First, the defendant argues that respondeat superior is not a basis for § 1983 liability. ECF No. 13 at 5. The defendant points out that the United States Court of Appeals for the Fourth Circuit has held that a private corporation cannot be held liable under § 1983 for the acts of its private police solely on a theory of respondeat superior. ECF No. 13 at 6 (citing Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999)).

Second, the defendant argues that the plaintiff has not alleged a specific written policy or custom that led to the actions by the Carilion police. ECF No. 13 at 6. The Supreme Court has held that for a local government to be held liable under § 1983, the injury must be the result of a specific policy or custom of that government. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). The Fourth Circuit has held that Monell applies to private corporations that employ police officers. Austin, 195 F.3d at 728. Thus, the defendant contends that in order to survive a motion to dismiss, the amended complaint would

need to allege a specific policy or custom of Carilion Clinic's that resulted in the plaintiff's injury.  ECF No. 13 at 6.

Third, the defendant argues that the plaintiff has not pled a state agency relationship.  ECF No. 13 at 7.  The defendant asserts that in order for § 1983 liability to apply, the plaintiff here must show that Carilion Clinic's police were state actors.  ECF No. 13 at 7.  The defendant points out that under United States v. Day, 591 F.3d 679 (4th Cir. 2010), there is a two-factor test to determine if a state agency relationship exists.  ECF No. 13 at 8.  The Court is to consider "(1) 'whether the [g]overnment knew of and acquiesced in the private' individual's challenged conduct; and (2) 'whether the private individual intended to assist law enforcement or had some other independent motivation.'"  Day, 591 F.3d at 683 (citations omitted).  Because the plaintiff has not alleged any such relationship, the defendant argues that Counts I and II of the amended complaint must be dismissed.  ECF No. 13 at 8-9.

Further, the defendant argues that Counts III and IV of the amended complaint are claims that arise under Virginia state law, and, as such, if the court dismisses Counts I and II, it should also dismiss Counts III and IV because there will be no federal claims pending.  ECF No. 13 at 9 (citing United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well.")).

4

The plaintiff filed a response in opposition to the defendant's motion to dismiss the amended complaint. ECF No. 16. In response, the plaintiff first argues that the amended complaint does not rely solely on a theory of <u>respondeat superior</u> to establish § 1983 liability. ECF No. 16 at 2. The plaintiff contends that Carilion Clinic can incur § 1983 liability for the decision to arrest Fuller. ECF No. 16 at 2. The plaintiff points out that the Supreme Court has held that a single decision by a policymaking official can be the basis of liability. ECF No. 16 at 2; <u>see</u> <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 480 (1986) ("[M]unicipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances."). The plaintiff alleges that here, Chief Lugar, the Chief of the Carilion Police, made the decision to arrest Fuller. ECF No. 16 at 3.

Second, the plaintiff argues that <u>Day</u> is not the correct test to determine if the Carilion Clinic acted as a state actor. ECF No. 16 at 4. The plaintiff contends that the instant case is distinguishable from <u>Day</u> because "there is no third party who is aiding or assisting the government authority by asserting the police power. Carilion <u>is</u> the police power." ECF No. 16 at 5 (emphasis in original). Instead, the plaintiff contends that the Court should apply the "public function" test under <u>Rodriquez v. Smithfield Packing Co., Inc.</u>, 338 F.3d 348 (4th Cir. 2003). ECF No. 16 at 4. In <u>Rodriquez</u>, the Fourth Circuit held that a private

5

party is subject to § 1983 when they are acting under the government's conferral of a power that is traditionally exclusive to the state, and that the power to arrest is "the function most commonly associated with the police." Rodriguez, 338 F.3d at 355 (citation omitted). Thus, the plaintiff contends that, under Rodriguez, Carilion Clinic is a state actor because it has the power to arrest. ECF No. 16 at 5.

The plaintiff does not dispute that if Counts I and II are dismissed, Counts III and IV should also be dismissed. ECF No. 16 at 5.

The defendant filed a reply to the plaintiff's response in opposition. ECF No. 17. The defendant argues that, although Pembaur allowed for liability to be based on a single decision of a policymaking official, Fuller has not alleged that Carilion Clinic created the relevant policy or that Chief Lugar had policymaking authority. ECF No. 17 at 1. Thus, the defendant contends that Counts I and II of the amended complaint fail to state a claim because they do not allege sufficient facts to establish that Carilion Clinic is liable under § 1983 for Fuller's arrest. ECF No. 17 at 4.

## II. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v.

Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'"

Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### III. Discussion

A. *Any actions by the Carilion Clinic police outside of the real property owned, leased, or controlled by Carilion Clinic were not authorized by Virginia Code § 9.1-101. Therefore, such actions will not be considered in analyzing plaintiff's § 1983 claim, because such conduct does not constitute as state action.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of his rights under the Constitution or federal law. 42 U.S.C. § 1983; see also Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982). "In cases construing [§] 1983, under color of law has been treated consistently as the equivalent to the state action requirement under the Fourteenth Amendment." Goldstein v. Chestnut Ridge Volunteer Fire Co., 218 F.3d 337, 341 (4th Cir. 2000) (citing Haavistola v. Community Fire Co. of Rising Sun, Inc., 6 F.3d 211, 215 (4th Cir. 1993)) (internal quotation marks omitted). There are two factors that guide state action determinations:

8

> [S]tate action requires both an alleged constitutional deprivation caused by the exercise of some right or privilege created by the [s]tate or by a person for whom the [s]tate is responsible and that the party charged with the deprivation must be a person who may fairly be said to be a state actor.

Id. (citing American Manufacturers Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S. Ct. 977, 143 L.Ed.2d 130 (1999)) (internal quotation marks omitted).

Virginia Code § 9.1-101 defines a "private police department" as:

> any police department, other than a department that employs police agents under the provisions of § 56-353, that employs private police officers operated by an entity authorized by statute or an act of assembly to establish a private police department or such entity's successor in interest, provided it complies with the requirements set forth herein. No entity authorized to operate a private police department or represent that it is a private police department unless such entity has been authorized by statute or an act of assembly or such entity is the successor in interest of an entity that has been authorized pursuant to this section, provided it complies with the requirements set forth herein. <u>The authority of a private police department shall be limited to real property owned, leased, or controlled by the entity and, if approved by the local chief of police or sheriff, any contiguous property; such authority shall not supersede the authority, duties, or jurisdiction vested by law with the local police department or sheriff's office including as provided in §§ 15.2-1609 and 15.2-1704</u> . . .

(emphasis added).

The plaintiff asserts that Carilion police were acting under color of state law and are recognized as state actors. ECF No. 16 at 2. Specifically, the plaintiff argues that Carilion operates a private police department authorized and established under Virginia

9

Code § 9.1-101.  Id.  However, it is clear that under the Virginia Code, the incidents listed particularly in paragraphs 18 to 25 of the amended complaint, alleging actions that the Carilion police took place outside the premises of Carilion Clinic, would not be considered actions under "color of state law."  Therefore, the defendant's motion to dismiss is granted as to any liability under § 1983 based on any activities by the private police force that occurred outside of property owned, leased, or controlled by Carilion Clinic.  The defendant might still be liable on the state claims asserted in the amended complaint.

B. <u>Assuming without deciding that the Carilion Clinic police force is a state actor, the plaintiff has presented enough evidence that the Clinic may be liable under § 1983.</u>

   1.   <u>The Court will assume, for purposes of the defendant's motion to dismiss, that Carilion Clinic is a state actor.</u>

A plaintiff bears the burden of showing that the actions of a private entity should be attributed to the state. <u>Austin</u>, 195 F.3d at 727-28.  The Supreme Court has specifically left open the question of whether private police officers may be considered state actors under § 1983. <u>Flagg Bros. Inc. v. Brooks</u>, 436 U.S. 149, 163-64 & n.14 (1978).  The Fourth Circuit has not decided the issue presented here – namely whether a private entity may be held liable for the actions of a private police force that has been provided certain power under a statute  or ordinance.  However, the Fourth Circuit has decided that a private corporation could be liable

10

under § 1983 for the actions of a police officer hired as a security guard. Austin, 195 F.3d at 727-28.

In analyzing the issue, the Court may turn to other circuits and districts. Other courts have analyzed the issue by determining whether the private police force exercise the type of police power that would subject it to liability as a state actor. See Henderson v. Fisher, 631 F.2d 1115, 1118-19 (3d Cir. 1980); Wade v. Byles, 83 F.3d 902, 904-07 (7th Cir. 1996); Studivent v. Lankford, No. 1:10CV144, 2012 WL 1205722, at *1 n.2 (M.D. N.C. Apr. 11, 2012). For example, courts have held that if the state cloaks private individuals with virtually the same power as public police officers and the private actors allegedly abuse that power to violate the plaintiff's civil rights, that plaintiff's ability to claim relief under § 1983 should be unaffected. See Payton v. Rush-Presbyterian-St. Luke's Medical Center, 184 F.3d 623, 629 (7th Cir. 1999); Stengel v. Belcher, 522 F.2d 438, 441 (6th Cir. 1975).

The test for determining whether or not a particular private entity is considered a state actor is extremely fact specific. Most if not all of the cases that have decided a similar issue to the one at hand has been after a motion for summary judgment has been filed, rather than a Rule 12(b)(6) motion to dismiss. Therefore, this Court will assume without deciding that the defendant is a state actor but only for purposes of the defendant's

motion to dismiss. Further discovery is needed in order to assess whether or not Carilion Clinic is considered a state actor.

2. <u>Assuming without deciding that Carilion Clinic is a state actor for purposes of the defendant's motion to dismiss, the Carilion Clinic may be liable under § 1983 due to the decision, or alternatively deliberate omission, by the Chief of the Carilion police force, or other designee in his chain of command, that allegedly led to a deprivation of plaintiff's rights.</u>

The Supreme Court has "consistently refused to hold municipalities liable under a theory of <u>respondeat superior</u>." <u>Board of County Com'rs of Bryan County, Okl. v. Brown</u>, 520 U.S. 397, 402, 117 S. Ct. 1382, 1388, 137 L.Ed.2d 626 (1997). Pursuant to <u>Monell</u>, § 1983 liability against a local government or municipality may arise when execution of the government's unconstitutional policy or custom causes plaintiff's injury. <u>See Walker v. Prince George's Cnty.</u>, Md., 575 F.3d 426, 431 (4th Cir. 2009). Specifically, the plaintiff must demonstrate the following: "(1) the municipality [has] actual or constructive knowledge of the custom and usage by its responsible policymakers, and (2) . . . failure by those policymakers, as a matter of specific intent or deliberate indifference, to correct or terminate the improper custom or usage." <u>Randall v. Prince George's Cnty, Md.</u>, 302 F.3d 188, 201 (4th Cir. 2002) (internal quotation marks omitted). A "municipal policy may be founded in written ordinances and regulations or, in certain affirmative decisions of individual policymaking officials, or in certain omissions on the part of policymaking officials that manifest deliberate indifference to the

12

rights of citizens. Outside of such formal decisionmaking channels, a municipal custom may arise is a practice is so persistent and widespread and so permanent and well settled as to constitute a custom or usage with the force of law." Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999) (citing Monell, 436 U.S. at 690-91; Pembaur, 475 U.S. at 483-84; City of Canton v. Harris, 489 U.S. 378, 388-89, 109 S. Ct. 1197, 103 L.Ed.2d 412 (1989)) (internal quotation marks omitted) (citations omitted). "The Supreme Court has recognized that under appropriate circumstances a municipality may incur § 1983 liability for a single decision of a policymaking official." Austin, 195 F.3d 715, 728 (4th Cir. 1999) (citing Pembaur v. Cincinnati, 475 U.S. 469, 480 (1986)). Moreover, as mentioned previously, the Fourth Circuit has held that Monell applies to private corporations as well. Austin, 195 F.3d at 728.

Carilion Clinic may not be held liable under § 1983 based on respondeat superior. However, the plaintiff has alleged that the Chief of Carilion Police, or his designee in the chain of command, made a decision to arrest, interrogate, and imprison the plaintiff and that such a decision amounted to a constitutional deprivation. ECF No. 16 at 3. Moreover, the plaintiff argues that such a decision, or the failure to prevent the events alleged from occurring, constitutes a single decision, or omission, by a policymaker with final authority. Id. This Court finds that the

13

plaintiff has pled facts sufficient to show that Carilion Clinic may be liable under § 1983 due to the decision, or deliberate omission, of the Chief, or other designee in his chain of command. Although further discovery may be needed to show such liability at trial, or to defeat a motion for summary judgment, for the purpose of satisfying a Rule 12(b)(6) motion to dismiss, the facts alleged by the plaintiff are sufficient to establish a claim under § 1983. Therefore, this Court finds that the plaintiff does not fail to state a claim under § 1983 based on a "policymaking" theory. Accordingly, the defendant's motion to dismiss the amended complaint is denied with respect to this issue.

   3.   <u>The Carilion Clinic may be liable under § 1983 due to exercising powers that are traditionally the exclusive prerogative of the state.</u>

The Supreme Court has identified three situations in which particular conduct by a private entity constitutes state action. The first situation is when there is a "symbiotic relationship," or in other words, "a sufficiently close nexus between the [s]tate and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the [s]tate itself." <u>Blum v. Yaretsky</u>, 457 U.S. 991, 1004-05, 102 S. Ct. 2777, 2785-86, 73 L.Ed.2d 534 (1982) (citing <u>Jackson v. Metropolitan Edison Co.</u>, 419 U.S., 345, 350, 95 S. Ct. 449, 453, 42 L.Ed.2d 477 (1974)) (internal quotation marks omitted). The question is whether the state is responsible for the specific conduct of which the

plaintiff complains. Id. The second situation arises when there is extensive government regulation of a private entity. Id. This occurs when the state exercises "coercive power or [] provide[s] such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the [s]tate." Id. Lastly, and most relevant to the case at hand, is the "public function" exception, where a "private entity [] exercise[s] powers that are traditionally the exclusive prerogative of the state." (citing Jackson, 419 U.S. at 353, 95 S. Ct. at 454) (internal quotation marks omitted). Relevant to all three categories is the level of government funding the private entity receives, although receipt of state funds alone is insufficient. Goldstein, 218 F.3d at 347.

Under the "public function" exception, the relevant question is not whether a private group is serving a "public function;" rather, it is whether the function performed has been traditionally the exclusive prerogative of the state. See Haavistola v. Community Fire Co. of Rising Sun, Inc., 6 F.3d 211, 215-16 (4th Cir. 1993). It is not enough that a private entity performs a function which serves the public. Mentavlos v. Anderson, 249 F.3d 301, 317 (4th Cir. 2001). The test is "so carefully confined that it has been found only in narrow circumstances." Id. (citing Goldstein, 218 F.3d at 348) (internal quotation marks omitted). A factor relevant to the state action determination is how the state

15

itself views the entity. Although not dispositive, if a state views a private entity as a state actor, this "militates in favor of [] finding state action." Id. at 318 (citing Goldstein, 218 F.3d at 347) (internal quotation marks omitted). After a finding that the entity is carrying out functions that are traditionally and exclusively reserved to the state, no specific demonstration of a nexus to the alleged constitutional violation is necessary. Goldstein, 218 F.3d at 347.

The plaintiff alleges that the plaintiff was placed under arrest by individuals with full law enforcement authority. ECF No. 16 at 5. The plaintiff states that the Court should consider the following factors: (1) the time, place, and purpose of the encounter; (2) the words used by the officer; (3) the presence of multiple officers; (4) the display of a weapon; and (5) physical contact with the plaintiff. Id. (citing United States v. Weaver, 282 F.3d 302, 312 (4th Cir. 2002)). The plaintiff argues that "[g]iven the public function test; Virginia's view of the Carilion Police Department; the plenary police power the state has vested in the Carilion Police Department; the totality of the circumstances regarding Fuller's arrest and the rights of the individual protected by § 1983, the Court should find that Carilion is a state actor for the purposes of § 1983." Id. This Court finds that the plaintiff has pled facts sufficient to show that Carilion Clinic may be liable under § 1983 under the "public function" exception.

Although further discovery may be needed to show liability based on such a theory at trial, or to defeat a motion for summary judgment, for the purpose of satisfying a Rule 12(b)(6) motion to dismiss, the facts alleged by the plaintiff are sufficient to establish a claim under § 1983. Therefore, this Court finds that the plaintiff does not fail to state a claim under § 1983 based on the "public function" exception. Accordingly, the defendant's motion to dismiss is denied with respect to this issue.

## IV. Conclusion

For the reasons set forth above, Carilion Clinic's motion to dismiss (ECF No. 12) is GRANTED IN PART and DENIED IN PART. The motion to dismiss is GRANTED as to any liability under § 1983 based on: (1) any activities by the private police force that occurred outside of property owned, leased, or controlled by Carilion Clinic; and (2) liability based on respondeat superior. The motion to dismiss is DENIED as to any liability under § 1983 based on: (1) a "policymaking" theory; and (2) the "public function" exception. Further discovery regarding these issues and as to whether Carilion Clinic is a state actor under claims for acts not outside of defendant's property is warranted.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:      October 29, 2018

                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE