IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

ROGER S. FULLER, JR.,

    Plaintiff,

v.                                            Civil Action No. 7:17CV564
                                                                   (STAMP)

CARILION CLINIC,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO STRIKE
PLAINTIFF'S EXPERT DISCOVERY REPORTS**

On January 18, 2019, the plaintiff, Roger S. Fuller, Jr. ("Fuller"), filed an expert discovery report. ECF No. 36. In that report, plaintiff disclosed the following expert witnesses: (1) Mr. Philip S. Hayden ("Mr. Hayden") (expert in police procedures); (2) Ms. Christy Taylor ("Ms. Taylor") (non-expert who would testify as to observations of plaintiff before and after alleged events that led to plaintiff's injuries); (3) Dr. Nathan B. Fountain ("Dr. Fountain") (expert in treating epilepsy, seizure disorders); (4) Dr. Stephanie Bajo ("Dr. Bajo") (expert in psychiatry). Id. at 1-2. The disclosure then contains a written report of Mr. Hayden. Id. at 3-5. Plaintiff did not provide a written report from Dr. Fountain or Dr. Bajo, indicating that the doctors diagnosed plaintiff on January 18, 2019, the date that the expert witness disclosure was due (see ECF No. 31 at 3), but that he would supplement the disclosures as soon as practicable. ECF No. 36 at 2.

After filing its own expert discovery report (see ECF No. 39), the defendant Carilion Clinic filed a motion to strike plaintiff's expert discovery report (ECF No. 36). ECF No. 42. The defendant Carilion Clinic first stated that Mr. Hayden's report does not contain any discussion of the reasoning behind his conclusions, and the data he relied on to reach his conclusions may not be complete since Mr. Hayden indicated that such data may include information that has not yet been produced by Carilion Clinic; therefore, Mr. Hayden's report should be excluded. Id. at 2-4. Defendant Carilion Clinic then indicated that Dr. Fountain's and Dr. Bajo's reports do not contain the required written reports signed by the witnesses. Id. at 2, 4. Defendant Carilion Clinic stated that the plaintiff should have at least provided copies of medical records. Id. at 4.

The plaintiff then submitted a supplemental expert witness disclosure (ECF No. 44), stating that in the absence of a written report, Dr. Fountain is a treating physician, incorporating the disclosure of Dr. Fountain as set forth in the previous expert disclosure (ECF No. 36). ECF No. 44 at 1. Plaintiff then filed a response to defendant Carilion Clinic's motion to strike. ECF No. 47. In that response, plaintiff withdrew Dr. Bajo and Dr. Fountain as retained expert witnesses, but indicated that Dr. Fountain was deposed by both parties. Id. at 2. Plaintiff then asserted that Mr. Hayden's report stated the information he relied upon to reach his conclusions, and that the report listed his

credentials to reach such conclusions. Id. Plaintiff contends that an extensive rationale is not necessary, and that under the balancing test: (1) there is no surprise to defendant; (2) plaintiff cured whatever surprise there may be because he has attached a supplemental expert report by Mr. Hayden (see ECF No. 48); (3) Mr. Hayden did not change his opinion, but only provided additional rationale for reaching his conclusions; and (4) the additional rationale is not additional evidence. Id. at 2-4. Plaintiff then concluded by stating that he would agree to any extension of the discovery deadline should defendant choose to depose Mr. Hayden after reviewing the supplemental report. Id. at 4.

Defendant Carilion Clinic did not file a reply to the plaintiff's response.

After consideration of the parties' contentions, this Court finds that defendant Carilion Clinic's motion to strike (ECF No. 42) should be DENIED. Plaintiff Fuller has provided sufficient information in accord with Federal Rule of Civil Procedure 26(a)(2)(A) and (B). Plaintiff Fuller has remedied any potential defect in his initial expert disclosures by providing a supplemental report (ECF No. 47-1) further detailing the information Mr. Hayden relied upon to reach his conclusions. As mentioned previously, defendant Carilion Clinic has not filed a reply to plaintiff Fuller's response. Moreover, plaintiff Fuller has withdrawn both Dr. Fountain and Dr. Bajo as retained expert

3

witnesses, while noting that Dr. Fountain has been deposed by both parties.  Dr. Fountain is designated as a treating physician under Federal Rule of Civil Procedure 26(a)(2)(C).  Lastly, there seems to have been no objection based on Federal Rule of Evidence 701 as to plaintiff Fuller's intent to have Ms. Taylor provide non-expert testimony.

Accordingly, for the reasons stated above, the defendant's motion to strike plaintiff's expert discovery reports (ECF No. 42) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to counsel of record herein.

DATED:    April 16, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE